# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| FERN V. SCHLICTING, | Case No.: 2:09-cv-01896-GMN-LRL |
| Plaintiff, | **ORDER** |
| vs. | |
| OUTBACK STEAKHOUSE OF FLORIDA, LLC a foreign Corporation d/b/a OUTBACK STEAKHOUSE; OUTBACK NEVADA II LP; DOES I through X; and ROE CORPORATIONS I through X, inclusive, | |
| Defendants. | |

## INTRODUCTION

Before the Court is Defendants' Motion for Summary Judgment (ECF No. 19). Plaintiff filed a timely response on September 2, 2010 (ECF No. 20). Defendants filed a reply on September 20, 2010 (ECF No. 21).

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment (ECF No. 19) is DENIED.

## FACTS AND BACKGROUND

This is a personal injury lawsuit. Plaintiff, Fern V. Schlicting, is an eighty-nine (89) year old woman who was seriously injured after sustaining a fall on the premises of Defendant, Outback Steakhouse, LLC ("Outback"). On July 8, 2007 Plaintiff and her companion went to eat at an Outback Steakhouse, Store #3221, located within Arizona Charlie's Hotel & Casino, 740 Decatur Boulevard, Las Vegas, Nevada. (Complaint ¶ 4, pg. 2, ECF No. 1). When the two arrived, they asked to be seated in a booth and the hostess sat them in the bar and lounge area at an elevated booth. (Defendants' Ex. A 15:9,

ECF No. 19).  The restaurant was not crowded and there was no wait to be seated. (Plaintiff's Ex. 1, 36:20-25, 37:1, ECF No. 20-1).  There is no evidence that either party asked to sit at a table on the floor level, or objected to sitting in the elevated booth, or notified the hostess of any physical restrictions that prevented them from sitting in the elevated booth.  Neither party had ever been seated in the bar and lounge area before or in an elevated booth. (*Id.* at 35:18-20).  Plaintiff had knowledge that the booth was elevated because she had to take a step up to enter into the booth. (Defendants' Ex. A 17:19-24, ECF No. 19).

When Plaintiff had finished her dinner, approximately one hour later, she fell as she attempted to exit the elevated booth.  (*See* Plaintiff's Ex. 1, ECF No. 20-1).  As a result of the fall, Plaintiff injured her hip and was diagnosed with a left intertrochanteric femur fracture requiring open fixation and hardware placement. (*See* Plaintiff's Ex. 6, ECF No. 20-2).  Plaintiff spent three (3) weeks in Valley Hospital and an additional month in HealthSouth Rehabilitation Center.

Plaintiff filed suit in the Eighth Judicial District Court on June 30, 2009. (Complaint, ECF No. 1).  The case was removed to the United States District Court, District of Nevada on September 29, 2009. *Id.*  Plaintiff's sole cause of action is for negligence. *Id.* at 3.  Plaintiff alleges that Defendants owed a duty to Plaintiff to maintain the premises in a manner free of dangerous conditions and that Defendants had a duty to warn of dangerous conditions. *Id.*  Further, Defendants had knowledge or had reason to know that there was a substantial elevated step to enter the booth and that the failure to warn was a direct and proximate cause of Plaintiff's injuries.  *Id.*

Defendants filed the instant motion for summary judgment arguing that it did not violate any duty owed to Plaintiff because the elevated booth was an open and obvious danger.

# DISCUSSION

## A.     Legal Standard

The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the material facts before the court. *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is proper if the evidence shows that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *Warren v. City of Carlsbad*, 58 F.3d 439, 441 (9th Cir. 1995). As summary judgment allows a court to dispose of factually unsupported claims, the court construes the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazari*, 84 F.3d 1194, 1197 (9th Cir. 1996).

In evaluating the appropriateness of summary judgment, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine issue for the trier of fact, as determined by the documents submitted to the court; and (3) considering that evidence in light of the appropriate standard of proof. *Id.* As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes which are irrelevant or unnecessary will not be considered. *Id.* Where there is a complete failure of proof concerning an essential element of the nonmoving party's case, all other facts are rendered immaterial, and the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 323. Summary judgment is not a disfavored procedural shortcut, but an integral part of the federal rules as a whole. *Id.*

In Nevada, a claim for negligence requires that a plaintiff satisfy four elements: (1) the defendant owed a duty of care to the plaintiff; (2) the defendant breached that duty;

(3) the breach was the legal cause of the plaintiff's injury; and (4) the plaintiff suffered damages. *Wiley v. Redd*, 885 P.2d 592, 596 (Nev. 1994).  Generally the question of whether a defendant was negligent in a particular situation is a question of fact for the jury to resolve. *Butler ex rel. Biller v. Bayer*, 168 P.3d 1055, 1063 (Nev. 2007). However, if defendant can show that one of the elements is clearly lacking as a matter of law, then summary judgment is proper. *Id.*

The Nevada Supreme Court has stated that the following jury instruction "embodies the law in Nevada as to the duty of landowners":

> An owner or occupant of land must exercise ordinary care and prudence to render the premises reasonably safe for the visit of a person invited on his premises for business purposes. An owner or occupant of land who knows, or in the exercise of reasonable care should know, of their dangerous and unsafe condition, and who invites others to enter upon the property, owes to such invitees a duty to warn them of the danger, where the peril is hidden, latent, or concealed, or the invitees are without knowledge thereof.
>
> On the other hand, if the dangerous and unsafe condition is obvious, ordinary care does not require warning from an owner or occupant of land.

*Galloway v. McDonalds Restaurants of Nevada, Inc.*, 728 P.2d 826, 828 (Nev. 1986). The duty of landowners is applied to a business proprietor. *See Basile v. Union Plaza Hotel & Casino*, 887 P.2d 273 (Nev. 1994) ("A proprietor has a duty to exercise "reasonable and ordinary care" in keeping its premises safe for its patrons.").

If there is a dangerous or unsafe condition on the premises, a proprietor has a duty to warn invitees, but if the condition is obvious no warning is required.  This is the "obvious danger rule." *See Harrington v. Syufy Enterprises*, 931 P.2d 1378 (Nev. 1997). The obvious danger rule does not bar liability based on acts other than failure to warn. *Id.* at 1381.  Where liability is predicated upon acts other than a failure to provide adequate

warning of a dangerous condition it is inapplicable. *Id.* Thus the analysis must also determine whether the defendant was negligent in having created the peril or in subjecting the plaintiff to the peril. *Id.*

In *Harrington*, the Plaintiff was injured when she tripped over tire spikes at a flea market. *Id.* at 1379. The flea market was getting crowded and the Plaintiff was directed to walk over or adjacent to the tire spikes to exit. *Id.* The court concluded that it was a question for the jury to determine if the defendants breached its duty of reasonable care by directing pedestrian traffic over a grate containing unretracted tire spikes. *Id.* at 1381.

Furthermore, an invitee's knowledge of a danger does not always bar recovery. *Rogers v. Tore, Ltd.,* 459 P.2d 214, 215 (Nev.1969). If the possessor of land "should anticipate the harm despite such knowledge or obviousness," he may still be liable. *Id.* (quoting Restatement (Second) of Torts § 343A, at 218 (1965)). For example, the Nevada Supreme Court held that there is a genuine issue of fact whether a landlord is liable when the plaintiff was aware of the icy conditions of the parking lot, but carefully walked across it to get to work. *Rogers*, 459 P.2d at 215. A possessor of land may be required to warn or take reasonable steps to protect an invitee if he has reason to expect that the invitee will suffer physical harm despite the obviousness of the danger. Restatement (Second) of Torts § 343A cmt. f (1965).

> Such reason to expect harm to the visitor from known or obvious dangers may arise, for example, where the possessor has reason to expect that the invitee's attention may be distracted, so that he will ... fail to protect himself against it. Such reason may also arise where the possessor has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk.

Restatement (Second) of Torts § 343A cmt. f (1965).

/ / /

**B.      Analysis**

Defendants contend that the elevated booth was an open and obvious condition.  If the elevated booth was obvious, then Defendants had no duty to warn Plaintiff of the condition.  While there is not a Nevada case involving a similar fact pattern involving an elevated booth, however, Defendants and Plaintiff both cite to an Ohio case to support their legal arguments.[1]

In *Frano v. Red Robin Internatl., Inc.*, the Ohio Appellate court upheld a summary judgment ruling that the step between the restaurant floor and booth was an open and obvious danger. 907 N.E.2d 796 (Ohio App., 2009).  In *Frano* the evidence showed that the plaintiff saw the step before she sat in the booth, the lighting conditions were good, and there was nothing obstructing her view of the step into the booth.  The plaintiff also testified that the step was "apparent" and "obvious" but that she had forgotten about the step before exiting the booth.

The court in *Frano*, as Defendants argue, held that the step between the restaurant floor and the booth was an open and obvious condition because the patron was aware of the step before entering the booth and had no difficulty lifting her foot onto the step and getting into the booth. *Id.* at 801.  Further, the court held that there was no evidence that

---

[1] Plaintiff and Defendants both cite to other cases involving a plaintiff falling from an elevated booth.  However, the other cases cited either are factually distinct from this case or do not follow the same legal analysis as Nevada law.

In *Messer v. Texas Roadhouse Restaurant*, 2007 WL 1373880 (Tex. app.-Waco, 2007), Texas' premises liability laws provided that a plaintiff must prove: (1) the landowner had actual or constructive knowledge of some condition on the premises, (2) the condition posed an unreasonable risk of harm, (3) the landowner failed to exercise reasonable care to reduce or eliminate the unreasonable risk or harm, and (4) the landowner's failure to use reasonable care proximately caused the plaintiff's injuries.  However, this is different than the open and obvious doctrine applied in Nevada.  Texas' premises liability law replaced its "no-duty rule" in *Parker v. Highland Park, Inc.*, 565 S.W.2d 512 (Tex. 1978).

In *State Street Duffy's, Inc. v. Loyd*, 623 N.E.2d 1099 (Ind.App. 1994), the court found that evidence regarding the cause of Plaintiff's fall created a genuine issue of material fact for the jury.  There is no dispute in this case that the elevated booth caused plaintiff's fall, the issue in dispute is the duty of care owed to plaintiff and breach of such duty.

the restaurant had knowledge that the elevated booth posed an unreasonable risk of harm to the patron, nor any duty to inquire as to the seating preferences of elderly patrons. *Id.* at 804.

While *Frano* may provide some guidance, it's ruling is not based upon the same law used by Nevada.  In Nevada, the obvious danger rule only obviates a duty to warn. *Harrington,* 931 P.2d at 1381.  "It is inapplicable where liability is predicated upon acts other than a failure to provide adequate warning of a dangerous condition." *Id.*  Thus, the Nevada Supreme Court has concluded that "even where a danger is obvious, a defendant may be negligent in having created the peril or in subjecting the plaintiff to the peril." *Id.* In fact, Nevada has long held that an invitee's knowledge of a danger does not inevitably bar recovery. *Rogers*, 459 P.2d at 215.

Here, Plaintiff alleges that there are material questions of fact as to whether the dangerous condition was obvious, and even if the condition was obvious, there are further material questions of fact as to whether Defendants are liable in creating the peril. Plaintiff argues that poor lighting and lack of visual cues create material questions of fact as to whether the step down from the booth was obvious.

Plaintiff argues that the dimly lit restaurant raises a material fact as to whether the elevated booth was an obvious danger.  Plaintiff testified that the lighting was poor in the restaurant on the date of the incident. (Plaintiff's Ex. 1 32:18-25, 33: 1-7, ECF No. 20-1). In contrast, Defendants' expert, Don Gifford, evaluated the lighting of the restaurant and concluded that the lighting levels exceeded any applicable codes, standards, and IESNA recommendations. (Defendants' Ex. I pg. 2, ECF No. 19)  Plaintiff argues that Gifford's inspection and opinions are unreliable because the inspection was after the restaurant was converted from an Outback to a new café and Gifford did not confirm if the lighting was the same as it was at the time of the incident.  Gifford acknowledged that the Outback

was located inside a casino and did not have any ambient light, but that since Outback vacated the premises, the new café has changed the ambiance and lighting.  In order to obtain comparable readings, Gifford also conducted testing at another Outback during the evening hours when there was little ambient light.  In addition, Plaintiff argues that because there were no visual cues to show the contrast of elevation and the step was obscured from the vision of the individual sitting at the booth the elevation was particularly dangerous.  The step is the same color, texture and material as the ground.

Under the facts of this case, even though Plaintiff may have stepped into the booth without trouble, the court cannot say that no reasonable juror could conclude that the elevated booth was not an obvious danger when Plaintiff stepped out of the booth. Furthermore, even if Plaintiff knew of the step when she entered the booth, Nevada law indicates Defendants may still be liable, if they were negligent in creating the peril or in subjecting Plaintiff to the peril.  Accordingly, under these facts, the obviousness of the danger posed cannot properly be decided as a matter of law and summary judgment is inappropriate.

## **CONCLUSION**

IT IS HEREBY ORDERED that Defendants' Motion for Summary Judgment is DENIED.

DATED this 16th day of December, 2010.

_____
Gloria M. Navarro
United States District Judge